**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| STACEY CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RUBIN LUBLIN, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, STACEY CAMPBELL, by and through his attorneys, FORTAS LAW GROUP, LLC, and for his Complaint against the defendant, RUBIN LUBLIN, LLC, the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. STACY CAMPBELL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Suwanee, County of Forsyth, State of Georgia.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to First Union National Bank of Delaware (hereinafter, "the Debt").

6. The Debt was for a home equity line of credit, the funds from which were for the personal use of Plaintiff and/or used for household expenditure.

7. Upon information and belief, Deutsche Bank National Trust Company purchased, acquired and/or otherwise obtained the Debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. RUBIN LUBLIN, LLC, (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Georgia.  Defendant's principal place of business is located in the State of Georgia.  Defendant is registered as a limited liability company in the State of Georgia.

10. Upon information and belief, Defendant was hired by Deutsche Bank National Trust Company to collect the Debt from Plaintiff.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. A substantial portion of Defendant's law practice involves attempting to collect debts allegedly owed to third parties.

13. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

14. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

16. On or about January 30, 2018, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt from Plaintiff. (A true and exact copy of said correspondence is attached hereto as **Exhibit A**[1]).

17. The aforesaid correspondence was the initial communication with Plaintiff.

18. The aforesaid correspondence failed to disclose that the communication was from a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

19. The aforesaid correspondence failed to provide a statement that, upon Plaintiff's request within thirty days of receipt of the correspondence, Defendant will provide Plaintiff with the name and address of the original creditor, if different from the current creditor.

20. The aforesaid correspondence stated, *inter alia*:

> *"The purpose of this letter is to demand payment of all sums owed, which at this time totals $27,350.56. If this sum is not paid within ten (10) days of your receipt of this letter, our firm has been authorized to institute legal action against you to collect the sums owed. Should it become necessary to collect the amount due through legal action, we will seek to recover all attorney's fees and expenses of litigation pursuant to Georgia law. You can avoid the imposition of attorney's*

---

[1] The exhibit has previously been marked as "Exhibit C" by Defendant in a lawsuit filed against Plaintiff, discussed *infra*.

*fees by paying the balance due within ten (10) days of your receipt of this letter.*"

21.     The aforesaid correspondence further stated, *inter alia*:

"*By this letter, Deutsche Bank seeks to collect this indebtedness and any information obtained will be used for that purpose.  If you dispute this amount due, you must notify me in writing at the address on this letterhead within thirty (30) days of your receipt of this letter, This [sic] office will verify the debt and provide you with evidence concerning the validity of the debt.  If you do not indicate a dispute in writing within thirty (30) days from the receipt of this letter, we will assume the debt to be valid.  This matter warrants your immediate attention as Deutsche Bank is prepared to take prompt legal action to collect these sums due.*"

22.     The aforesaid information contained in the correspondence overshadowed and obfuscated Plaintiff's right to dispute the Debt and to seek validation of said debt.

23.     Despite a putative disclaimer, the aforementioned correspondence contains a threat of impending legal action to collect on the Debt.

24.     The threat of impending legal action in the aforesaid correspondence overshadowed and obfuscated Plaintiff's right to dispute the Debt and to seek validation of said debt.

25.     The above language providing Plaintiff with the right to dispute the debt violates the Fair Debt Collection Practices Act, 15 U.S.C. §1692g(a)(3) because it provides that if Plaintiff does not dispute the debt, the debt will be

assumed to be valid, rather than stating it will be presumed to be valid *by the collector*.

26. By stating that the debt will be assumed to be valid, and not just assumed valid by that collector, this language leads an unsophisticated consumer to believe that if they did not provide a dispute, the debt is legally valid and the consumer has no further right to challenge the debt or dispute it in court.

27. The above language further violates the Fair Debt Collection Practices Act, 15 U.S.C. §1692g(a)(3) because it states that Plaintiff must make such dispute in writing when no such requirement is imposed by §1692g(a)(3).

28. On or about April 6, 2018, on behalf of Deutsche Bank National Trust Company, Defendant filed a lawsuit against Plaintiff in the State Court of Gwinnett County, State of Georgia, captioned as *Deutsch Bank National Trust Company, as Certificate Trustee on Behalf of Bosco Credit II Trust Series 2010-1 v. Brenda Campbell and Stacey Campbell,* with case number 18C 02611-4 (hereinafter, "the Gwinnett County Lawsuit").

29. The Gwinnett County Lawsuit was filed by Defendant on behalf of Deutsch Bank National Trust Company against Plaintiff relative to the Debt.

30. Defendant represents Deutsche Bank National Trust Company in the Gwinnett County Lawsuit.

31. On or about April 6, 2018, Defendant attempted to collect the Debt from Plaintiff by its filing of the Gwinnett County Lawsuit against Plaintiff.

32. The Gwinnett County Lawsuit was filed against Plaintiff in County of Gwinnett, State of Georgia.

33. At the time Defendant filed the Gwinnett County Lawsuit, Defendant listed Plaintiff's address in the pleadings it filed against Plaintiff as being on Masters Club Drive, in the City of Suwanee, which is located in the County of Forsyth, State of Georgia.

34. At the time Defendant filed the Gwinnett County Lawsuit, Defendant was cognizant that Plaintiff resided in the County of Forsyth, State of Georgia.

35. On or about April 6, 2018, Plaintiff did not reside in the County of Gwinnett, State of Georgia.

36. On or about April 6, 2018, Plaintiff resided in the County of Forsyth, State of Georgia.

37. On or about April 6, 2018, Defendant was cognizant Plaintiff did not reside in the County of Gwinnett, State of Georgia.

38. Upon information and belief, on or prior to April 6, 2018, Defendant was cognizant that Plaintiff did not incur the Debt and/or sign the contract being sued upon while residing in the County of Gwinnett, State of Georgia.

39. By filing the Gwinnett County Lawsuit against Plaintiff, Defendant initiated a legal action against Plaintiff relative to a Debt in a judicial district other than the judicial district where Plaintiff resided at the time Defendant filed the lawsuit.

40. In its attempts to collect the debt allegedly owed by Plaintiff to Deutsche Bank National Trust Company, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   c. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

   d. Contradicted, overshadowed and obscured the required validation/verification language required by §1692g(a) of the FDCPA by extraneous language contained in the aforementioned Letter;

   e. Initiated a legal action on a debt against a consumer in a judicial district other that in which the consumer signed the contract being sued upon or in which the consumer resided at the commencement of the action in violation of 15 U.S.C. §1692i(a)(2)

   f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

41. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

42. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STACY CAMPBELL, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**STACEY CAMPBELL**

By:   s/ Scott Fortas
      Attorney for Plaintiff

Dated: September 28, 2018

Scott Fortas (Bar No. 269980)
Fortas Law Group, LLC
1934-B N. Druid Hills Rd.
Atlanta GA 30319
Telephone:   (404) 315-9936
Facsimile:   (404) 636-5418
E-Mail:      sfortas@fortaslaw.com